UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No.: 4:18-cv-137-BO

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN** |
| v. | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **MOTION TO PROCEED** |
| EAST CAROLINA UNIVERSITY, *et* | ) | **ANONYMOUSLY** |
| *al.*, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Defendant East Carolina University ("ECU" or "Defendant"), by and through undersigned counsel, and respectfully submits the following Memorandum in Opposition to Plaintiff's Motion to Proceed Anonymously [DE 6].

## NATURE OF THE CASE

Plaintiff, who was an ECU graduate student at all times relevant to this action, has filed claims against Defendants in connection with a student disciplinary proceeding undertaken by ECU, brought pursuant to allegations by Jane Roe, another ECU student, that Defendant raped her in her off-campus home. Plaintiff was found responsible for violating ECU's sexual misconduct policy and sanctioned with suspension for six (6) semesters. Plaintiff seeks relief pursuant to: (1) Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.*, for reverse discrimination, alleging that an

erroneous outcome in his disciplinary hearing was caused by discrimination on the basis of sex; (2) 42 U.S.C. § 1983, alleging that Defendants deprived him of his constitutional due process rights; and (3) breach of contract, alleging that ECU failed to follow procedures set forth in its written policies.

On August 9, 2018, Plaintiff filed this lawsuit using a pseudonym, "John Doe," and submitted a contemporaneous Motion to Proceed Anonymously [DE 6], Declaration of Kara L. Gorycki, Esq. in Support [DE 7], and a Memorandum of Law in Support [DE 8], later submitting a proposed order that would have placed all of the pleadings filed before that date under seal [DE 12]. On August 23, 2018, this Court issued an order provisionally granting Plaintiff's Motion and allowing Plaintiff to proceed anonymously, while reserving a final ruling until opposing parties had the opportunity to appear and state their position. (DE 13). Defendant ECU opposes the motion, for the reasons discussed herein.

## STATEMENT OF RELEVANT FACTS

On November 21, 2015, a female undergraduate ECU student identified as "Jane Roe" in this action reported to the Greenville Police Department and to the ECU Title IX office that Plaintiff had raped her during a party in the early morning hours of that day, in an upstairs bathroom in her home. (Compl., DE 1, ¶ 75). She also went to the hospital for a sexual assault examination, where a rape kit was collected. (*See id.* ¶ 77).

4812-2876-1209, v. 6

By the time of Jane Roe's official reports to police and the university, Plaintiff was already aware of her allegations. Shortly after the encounter with Plaintiff, Jane Roe told roommate and mutual friend M.K., as well as at least one other attendee at the party, that Plaintiff had raped her. (*Id.* ¶ 74). M.K. called Plaintiff shortly after he left the house to confront him about Jane Roe's allegations. (*Id.* ¶ 74). Another party attendee contacted Plaintiff to call him a "monster" for what he did to Complainant. (*Id.*) In fact, on November 21, 2015, Plaintiff called his mother and drove back to his hometown to consult with an attorney about Complainant's allegations. (*Id.* ¶ 75). During the evening hours of November 21, 2015, while Plaintiff was consulting with his attorney, Detective Coggins of the Greenville Police Department called to discuss the report and spoke with Plaintiff's attorney, who arranged that Plaintiff be interviewed only in the presence of his attorney and after the Thanksgiving holiday. (*Id.* ¶¶ 75-76). Plaintiff was arrested on December 9, 2015. (*Id.* ¶ 77).

As a result of the police investigation, on April 7, 2016, Plaintiff was criminally charged, after a grand jury returned an indictment for second degree rape, sexual offense, and second degree sexual offense. (Aff., DE 43-2 ¶ 11; *see* Ex. C, "Indictment," DE 43-2 at 16). These felony charges were dismissed pursuant to entry of a *nolo contendere* plea to the misdemeanor offense of assault on a female. (DE 43-2 ¶ 11; *see* Ex. C, "Transcript of Plea," DE 43-2 at 21-24). In turn, entry of judgment against Defendant for the

3

misdemeanor offense was deferred through a conditional discharge agreement. (DE 43-2 ¶¶ 11-12; *see* Ex. C, "Conditional Discharge Under G.S. 15A-1341(a4)," DE 43-2 at 25-26). This conditional discharge, entered June 6, 2017, originally required Plaintiff to complete 18 months of supervised probation and 60 hours of community service, to refrain from assaulting, harassing, or contacting Jane Roe, and to undergo a sex offender evaluation, to be reviewed on December 5, 2018, for compliance. (*Id.*) However, on August 21, 2018, Plaintiff obtained an Order stating that he had fulfilled all of these conditions and dismissing the charges pursuant to the conditional discharge agreement, releasing him from probation six months early. (DE 43-2 ¶ 12; *see* Ex. C, "Disposition/Modification of Conditional Discharge," DE 43-2 at 28-29).[1]

The student conduct process at ECU proceeded concurrently with the criminal investigation. In meetings with ECU administrators during the student conduct process and at the student conduct hearing, Plaintiff refused to provide information or testify about the incident from his perspective, due to the pending criminal charges. (*See* DE 1 ¶¶ 89, 113-15). Jane Roe and M.K. testified at the student conduct hearing, and other witnesses were interviewed, both "informal[ly]" by ECU's Title IX investigator and in the criminal

---

[1] Upon successful completion of conditions imposed pursuant to N.C. Gen. Stat. § 15A-1341(a4), the plea of guilty previously entered is withdrawn and the proceedings against the person dismissed. N.C. Gen. Stat. § 15A-1341(a6) (2018).

4812-2876-1209, v. 6

investigation, and provided written statements for the hearing panel to review. (*Id.* ¶¶ 157-58, 163, 171(iv)). Plaintiff's student conduct hearing took place on May 27, 2016, where he was found responsible for sexual assault and endangerment, and sanctioned with six semesters of suspension. (*Id.* ¶¶ 162, 165).

As of the beginning of the 2015-2016 academic year, Plaintiff had completed his undergraduate education at ECU and was a graduate student in the Masters of Criminal Justice program. (*Id.* ¶¶ 69-70). Plaintiff alleges that a local newspaper and two local television news channels covered the allegations against him in news stories on or about December 10, 2015. (*See id.* ¶ 97). Plaintiff has not alleged or demonstrated any other media attention to his case.

## LEGAL ARGUMENT

Plaintiff's Motion to Proceed Anonymously should be denied because Plaintiff has not demonstrated that his is an exceptional case of a substantial privacy right sufficient to overcome the constitutional presumption of judicial openness. It is well-established that there is a "constitutionally-embedded presumption of openness in judicial proceedings," which "is well grounded in our nation's laws." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016) (quoting *Doe v. Pittsylvania Cty., Va.*, 844 F. Supp. 2d 724, 727 (W.D. Va. 2012) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992))). "Courts have long held that the

First Amendment protections of freedom of speech and press safeguard the public's right to attend trials, which must be 'open to the public absent an overriding and clearly articulated interest to the contrary.' " *Id.* (quoting *Doe 1 v. Merten*, 219 F.R.D. 387, 390-91 (E.D. Va. 2004). As noted by other courts, "anonymity is not contemplated by the Federal Rules of Civil Procedure." *Id.* Rather, Rule 10(a) provides that "[t]he title of the complaint must <u>name</u> all the parties." *Id.* (quoting Fed. R. Civ. P. 10(a)). The purpose of this rule "is to 'apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings.'" *Id.* (quoting *Pittsylvania Cty.*, 844 F. Supp. 2d at 727 (quoting *Doe v. Hallock*, 119 F.R.D. 640, 643 n. 1 (S.D. Miss. 1987))).

I.  **PLAINTIFF HAS NOT OVERCOME THE PRESUMPTION OF OPENNESS SUFFICIENT TO JUSTIFY HIS REQUEST TO PROCEED ANONYMOUSLY.**

To determine whether a plaintiff's request to proceed anonymously outweighs the well-established presumption of judicial openness, a plaintiff must demonstrate "a substantial privacy right." *Doe v. Alger*, 317 F.R.D. at 39. "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 322. "Trial is a public event. What transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947).

The Fourth Circuit has ruled that factors considered in whether to allow a party to proceed anonymously include:

(1) whether the justification asserted by the requesting party to proceed anonymously is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

(3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and relatedly

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Merten*, 219 F.R.D. at 391-92 (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). The decision whether to allow a plaintiff to proceed anonymously is a discretionary determination to be made by the trial court based on these factors, which are not intended to be exhaustive. *Id.* When these factors are reviewed, Plaintiff's showing is insufficient to justify his case as "exceptional."

A.  <u>Plaintiff's claimed privacy interests do not support proceeding anonymously in this case.</u>

Plaintiff argues that the fact that this lawsuit concerns allegations of sexual misconduct against him inherently presents issues of a "highly sensitive and personal nature." (DE 5 at 5). "However, courts have generally been reluctant to provide anonymity based on a plaintiff's potential embarrassment, even if the case involves sexual assault." *Doe v. N. Carolina Central Univ.*, No. 1:98CV01095, 1999 WL 1939248, at *2 (M.D.N.C. 1999) (denying anonymity to

female plaintiff claiming rape by a professor) (citing *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029-30 (D. Minn. 1998) (denying anonymity to female plaintiff claiming sexual discrimination and coercion in a lawsuit against her former landlord); *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418 (D. Mass. 1995) (denying anonymity to female plaintiff alleging sexual assault and resulting HIV transmission by defendant); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (denying anonymity to female plaintiff suing Tupac Shakur for sexual assault); *Doe v. Univ. of Rhode Island*, No. 93-0560B, 1993 WL 667341 (D.R.I. 1993) (refusing to let the student plaintiff use a pseudonym in a suit claiming the university's negligence caused the sexual assault of the plaintiff, where she had been publicly named in a related case)). In many of these cases, female plaintiffs alleged that they were victims of sexual harassment or assault, but were denied anonymity. Many courts have held that fear of humiliation and embarrassment or the threat of economic harm, standing alone, is not a sufficient reason to grant a motion to proceed pseudonymously. *Pittsylvania Cty., Va.*, 844 F. Supp. 2d at 733 (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996)).

While Plaintiff cites several cases involving similar claims where plaintiffs have been permitted to proceed anonymously, many are distinguishable. In some cases cited, no opposition appears to have been raised

4812-2876-1209, v. 6

to the plaintiff's proceeding anonymously. See *Doe v. Univ. of Mass.-Amherst*, 14-30143-MGM, 2015 WL 4306521 (D. Mass. 2015) (university consented), *Doe v. Washington & Lee Univ.* No. 6:14-CV-00052, 2015 WL 4647996 (W.D. Va. 2015) (no opposition to plaintiff's motion to use pseudonym appearing in docket). In other cases cited, the issue of plaintiffs proceeding anonymously does not appear to be addressed. See *Doe v. Univ. of S. Florida Bd. of Trs.*, No. 8:15-cv-682-T-30EAJ, 2015 WL 3453753 (M.D. Fla. May 29, 2015) (no consideration at all of whether plaintiff should proceed anonymously appearing in docket); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. 2015) (action where plaintiff allowed to proceed anonymously and university employees also identified as John Does). Beyond these cases, where the issue of whether a plaintiff should proceed anonymously is not addressed on the merits, the cases cited by Plaintiff are distinguishable for other reasons.

Plaintiff also stands in a different position to many of the students in the cases cited by Plaintiff as similar. With one exception, the cases cited by Plaintiff do not refer to public criminal proceedings, and the plaintiffs'

9

identities had been maintained as confidential in the university proceedings.[2] As a result, almost all of the plaintiffs in the cases cited by Plaintiff faced public disclosure for the first time, should they not be permitted to proceed anonymously, and the courts focused heavily on reputational harm. In contrast, Plaintiff's identity has already been disclosed as part of criminal proceedings that may be accessed in a public court file. As such, should this court decline to allow Plaintiff to proceed anonymously, it would not result in the first disclosure of his identity in connection with Jane Roe's allegations of sexual assault.

In *Doe v. University of St. Thomas*, No. 16-cv-1127-ADM-KMM, 2016 WL 9307609 (D. Minn. 2016), if allowed to proceed anonymously, the moving plaintiff faced only the "reputational harm he complains of from the University's currently confidential disciplinary proceedings." 2016 WL 9307609, at *2. Similarly, the opinions in *Doe v. Colgate University*, No. 5:15-cv-1069, 2016 WL 1448829 (N.D.N.Y. April 12, 2016), *Doe v. Washington and Lee University*, No. 14-cv-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015),

---

[2] In *Doe v. Univ. of Montana*, No. CV 12-77-M-DLC, 2012 WL 2416481 (D. Mont. 2012), the initial pleadings were sealed at the request of the parties. In the action, Doe only sought injunctive relief to stop the university disciplinary proceedings against him, which was mooted upon conclusion of the university proceedings. 2012 WL 2416481, at *1. Unpersuaded by Doe's argument that unsealing the file might affect any potential related investigation or criminal prosecution of him, the court decided to unseal the court file while redacting the names of all parties involved in the disciplinary proceedings, including Doe, and dismiss the case. *Id.* at *3.

4812-2876-1209, v. 6

*Doe v. University of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009), *University of Massachusetts-Amherst*, *supra*, *University of South Florida*, *supra*, and *Salisbury University*, *supra*, do not refer to the existence of parallel, pending, or completed criminal proceedings. The fact that these plaintiffs had not yet suffered <u>any</u> reputational harm from related proceedings in a public forum, and that prohibiting the plaintiffs from proceeding anonymously, if they were successful on the merits of their claims, would cause reputational harm, seemed to be persuasive to these courts. Here, Plaintiff has not made a similar showing on either element.

In *The Rector and Visitors of George Mason University*, much of the source of the alleged potential harm derived from the fact that the incident that was the subject of the litigation was particularly outrageous and had already been the subject of nationwide media attention. The anonymous plaintiff was accused of rape during BDSM activities and had issues from his psychological history, such as carving "kill them" into his knuckles in front of a residence hall advisor, raised in the proceedings, before the court ruled that he should remain anonymous. *See* 149 F. Supp. 3d at 609, 179 F. Supp. 3d at 585. The court also appeared to have been influenced by the fact that the first panel to hear his case found him not responsible, and that the plaintiff had already prevailed on a motion for summary judgment. 179 F. Supp. 3d at 593-94 ("It makes little sense to lift the veil of pseudonymity that—for good

4812-2876-1209, v. 6

reason—would otherwise cover these proceedings simply because <u>the university</u> erred…If plaintiff is ultimately found not responsible as to Roe's new accusations of sexual misconduct, if any, as he was by the first panel to hear his case with respect to the October 27 incident, then he should not have his name forever associated in the public mind with an accusation that carries a significant social stigma.") Also, in *George Mason University*, due to the media's reporting, "many people across the country [we]re aware of Roe's accusations against plaintiff." *Id.* at 593. The case of the plaintiff in *George Mason University* may be easily distinguished from Plaintiff, who has not already been the subject of extensive media coverage and has not prevailed on the merits. In fact, the presumption that proceeding under Plaintiff's real name would <u>cause</u> reputational damages rests on the premise that Plaintiff did not engage in the misconduct charged by Jane Roe and adjudicated against Plaintiff in the ECU student conduct proceedings and in Pitt County Superior Court, where Plaintiff initially pled no contest to the charges against him.

Plaintiff argues, without support, that a "media firestorm" has been generated over allegations that ECU has not properly handled sexual assault complaints and would generate attention to Plaintiff, should his name be revealed in the federal proceedings. (DE 8 at 7). ECU respectfully submits that no such "media firestorm" exists. The news coverage cited by Plaintiff in the

Complaint dates back to 2015, not to continuing stories or recent coverage. (*See* DE 1 ¶¶ 48-67).

In *Yacovelli v. Moeser*, No. 1:02CV596, 2004 WL 1144183 (M.D.N.C. 2004), the authority cited by Plaintiff concerning a "media firestorm," three students from the entering freshman class at UNC sued anonymously to challenge the constitutionality of the required reading chosen for the orientation program: selections from *Approaching the Qur'an: The Early Revelations*, a discussion of historical, cultural, and literary aspects of early writings in the Qur'an. 2004 WL 1144183, at *6. The plaintiffs, one of whom was a minor at the time of filing, argued that the required reading violated the Free Exercise Clause and the Establishment Clause of the First Amendment.[3] *Id.* As noted by the Court, the case had received intense media coverage and garnered a hostile public reaction, quite beyond any coverage of the events in this subject litigation. *See* 2004 WL 1144183, at *8. (Anecdotally, anyone living in North Carolina at the time who was old enough to follow the news would likely remember the controversy over UNC requiring its incoming freshman class to read selections from the Qur'an, less than a year after the September 11, 2001 attacks.) The intense media scrutiny cited as a basis for the Court's

---

[3] The plaintiffs also argued that listening to the CD enclosed with the book, a recording of selected readings in Arabic, would expose students to "the spell cast by a holy man of Islam."

4812-2876-1209, v. 6

allowing the *Yacovelli* plaintiffs to proceed anonymously simply does not exist in this case.

These privacy-based and corresponding reputation-based interests, although occasionally held to be a persuasive factor by courts in other cases where male plaintiffs found responsible for sexual assault were suing their universities, do not similarly weigh in favor of Plaintiff in this case, as distinguished above. The remaining factors do not weigh in his favor at all.

### B. Plaintiff has not demonstrated a threat of retaliatory harm to himself if he is not permitted to proceed anonymously.

Plaintiff argues, without support or specificity, that he will be subjected to "the possibility of acts of reprisal" and "significant harm" if not permitted to proceed anonymously. (DE 5 at 2, 6). Plaintiff addresses reputational damage at length in this section, but damage to reputation is not relevant to whether Plaintiff would experience "retaliatory" harm under this element. This factor relates to "potential retaliation or harassment if [a plaintiff's] name is released," not "embarrassment or shame." *Doe v. N. Carolina Cent. Univ.*, 1999 WL 1939248, at *3 (*comparing Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (threats of violence, in conjunction with other factors), *Doe v. First Nat'l Bank of Chicago*, 668 F. Supp. 1110, 1111 (N.D. Ill. 1987) (individuals became targets of threatening phone calls and other threats and harassment); *see also Yacovelli*, 2004 WL 1144183, at *7 (holding that social ostracism, harassment,

4812-2876-1209, v. 6

and hostile public reaction, but no threats of violence, did not favor proceeding anonymously).

To the extent Plaintiff alleges retaliation from those who know him or Jane Roe personally, such retaliation is unlikely to occur as a result of this lawsuit, as Plaintiff's identity was already known in conjunction with the criminal proceedings against him, and would have likely been shared by Jane Roe to those she knew personally. Plaintiff has not alleged any specific sources from which he believes he faces retaliation or supplied any evidence of potential harm. Rather, he simply alleges the likelihood of harm in a conclusory, general sense.

Plaintiff does not address the anonymity of Jane Roe in arguing this factor, but it should be a relevant consideration. Defendant respectfully submits that Jane Roe's real name should not be used and should be protected in these proceedings, as she (in contrast to the Plaintiff) has not chosen, in any way, to be involved in federal litigation. To the extent the presence of Jane Roe's name in the criminal record risks her exposure, she has already made that sacrifice in her efforts to hold Plaintiff accountable. However, in this litigation, use of Jane Roe's actual name is unnecessary, and can be prohibited by entry of a protective order. It is unlikely that any reputable media outlets, should they conduct further research, would choose to reveal her name in connection with their reporting, if any. ECU does not wish to see <u>any</u> risk to

Jane Roe arising from use of Plaintiff's real name, but respectfully submits that the small risk of exposure has already been undertaken by Jane Roe herself. This factor does not favor allowing Plaintiff to proceed anonymously.

### C. Plaintiff's age does not justify proceeding anonymously.

Plaintiff was an adult in graduate school at the time of the subject events, which took place three years ago. Courts do not favor pseudonyms for adults as they do for minor children. *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014) ("Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym."); *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004) (district court did not abuse its discretion in allowing pseudonym where case was "brought on behalf of very young children, to whom we grant a heightened protection"); *Yacovelli*, 2004 WL 1144183, at *7 (citing *Doe v. Santa Fe Indep. Sch. Dist.*, 933 F. Supp. 647, 651-52 (S.D. Tex. 1996) (refusing to protect the identities of adult plaintiffs "who are simply not as vulnerable as schoolchildren to social and physical intimidation or violence centered around events at public schools"). Plaintiff was not a minor or recently out of his minority at the time of the subject events. This factor does not weigh in favor of allowing Plaintiff to proceed anonymously.

### D. Plaintiff's claims against both governmental and private parties weigh against allowing Plaintiff to proceed anonymously.

4812-2876-1209, v. 6

In some cases against governmental parties, plaintiffs are allowed to use a pseudonym while seeking to have a law or regulation declared invalid, because these cases "generally 'involve no injury to the government's reputation.'" *N.C. Cent. Univ.*, 1999 WL 1939248, at *4 (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). However, the same interest does not exist where the allegations would actually impinge upon the reputation of a university, its officials, or its employees. *Id.* ("In this case, Plaintiff has made serious allegations against NCCU and Moore that do impinge upon their reputations… the fact that NCCU is a state university is insufficient to justify allowing Plaintiff to proceed anonymously.") *Yacovelli*, cited by Plaintiff as favoring his anonymity on this factor, is distinguishable based upon the same reasoning. 2004 WL 1144183, at *8 ("Here, Plaintiffs are challenging the constitutionality of UNC's orientation requirements and not attacking the Chancellor *per se*.") Plaintiff may be challenging ECU's processes and procedures, but Plaintiff has also made individual-capacity claims, including allegations of incompetence and bias, against <u>twelve</u> private persons with professional reputations at stake. Should Plaintiff's individual-capacity claims be allowed to proceed past a motion to dismiss based upon qualified immunity, by definition, the individual-capacity Defendants' reputations are at risk by allegations that they <u>knowingly engaged in unlawful activities.</u> In the cases of the faculty and staff who served

on Plaintiff's panel, who volunteered their spare time to serve an important cause at the university unrelated to their jobs, they have now had their reputations maligned in public filings and have been subjected to potential individual liability, due to Plaintiff's claims.

Of the cases cited by Plaintiff as similar to this case, where the plaintiffs were permitted to sue anonymously, several were filed against the university or its board of trustees alone, and not against any private individuals: *University of St. Thomas*, *supra*, *University of the South*, *supra*, *The Rector and Visitors of George Mason University*, *supra*, and *University of Massachusetts-Amherst*, *supra*. In *Doe v. Salisbury University*, *supra*, while the plaintiff was allowed to proceed anonymously, employees of the university who were sued in their individual capacities were also identified by pseudonyms by the plaintiff. In *Yacovelli*, *supra*, Chancellor Moeser was sued in his official capacity only. Thus, in most of the holdings cited by Plaintiff, the interests of private individuals were not at issue to weigh against other factors cited by the plaintiffs. This factor weighs against allowing Plaintiff to proceed anonymously.

E. The resulting prejudice to Defendants weighs against allowing Plaintiff to proceed anonymously.

Allowing an anonymous plaintiff to publicly target a private party's reputation raises a legitimate concern of prejudice to the private party, as

recognized by the court in *Doe v. Fowler*, No. 3:17-cv-00730-FDW-DSC, 2018 WL 3428150, at *3 (W.D.N.C. 2018) ("…it would be unfair for her to defend herself publicly while Plaintiff prosecutes this case anonymously. This complaint is valid…. However, this case is one of the unique exceptions and is distinguishable from cases relied on by Defendant where the plaintiff's identity was already known to the public.") A uniquely harrowing case, the *Fowler* plaintiff alleged that she was extensively sexually abused and exploited by the named defendants while a minor child, including by creation of pornographic images of her that were placed online by a defendant and remained there, and the plaintiff's identity remained unknown outside the individuals involved in the dispute. *Id.* The circumstances in *Fowler*, where exposure would connect the plaintiff's name with online pornographic images of her as a child, was recognized by the court as "one of the unique exceptions" to the presumption for open proceedings and disclosure of all parties by name. Such circumstances are simply not analogous to Plaintiff's circumstances.

In *Rossley v. Drake University*, Case 4:16-cv-00623-RGE-SBJ (S.D. Iowa June 13, 2017), attached as Exhibit A, a male plaintiff who was the subject of a university sexual assault investigation was not allowed to proceed anonymously. (*Slip op.* at 9). In *Rossley*, the plaintiff's father, a university trustee, had filed a parallel suit discussing the events, not under a pseudonym, resulting in media attention, some facilitated by direct quotes from the plaintiff

and his own attorneys. (*Slip op.* at 6-7 (citing "…('PR Newswire (Feb. 22, 2017)') (indicating 'NEWS PROVIDED BY Nesenoff and Miltenberg, LLP', Plaintiff and Rossley's attorneys' law firm)"). Separate from the lack of risk of reputational harm under the circumstances in *Rossley*, the court held that the prejudice to the defendants that would result from allowing an anonymous plaintiff to engage in media attacks weighed against allowing anonymity. Here, cloaked with anonymity, Plaintiff would be positioned to similarly attack ECU and the twelve individual Defendants, leading to a similar risk of "harm from hamstringing Defendants' ability to manage this case publicly" while Plaintiff could comment and facilitate media attention to the case. (*See slip op.* at 9).

Moreover, should this case proceed to a jury, a jury could believe that Plaintiff would not have been allowed to proceed anonymously unless there was substantial danger to his reputation in having his name made public. This could lend weight to Plaintiff's claimed reputational damages, causing further prejudice to Defendants. Plaintiff alleges already that "[a]s a direct and proximate result of the above conduct [alleged against Defendants], John Doe has sustained emotional distress, psychological damages, loss of educational and career opportunities, reputational damages, economic injuries and other direct and consequential damages." (Compl., DE 1 ¶ 197). Allowing Plaintiff to proceed anonymously poses an additional risk of prejudice to Defendants by

4812-2876-1209, v. 6

lending credence to Plaintiff's theory of reputational damage. Altogether, this factor weighs against allowing Plaintiff to proceed anonymously.

## CONCLUSION

Because Plaintiff has not shown that his case is "exceptional" or that he has a "substantial privacy interest" when weighing the *James v. Jacobson* factors against the "constitutionally-embedded presumption of openness in judicial proceedings," Plaintiff's Motion to Proceed Anonymously should be denied.

Respectfully submitted, this the 23rd day of October, 2018.

*/s/ Dan M. Hartzog Jr.*
DAN M. HARTZOG
N.C. State Bar No. 5648
DAN M. HARTZOG JR.
N.C. State Bar No. 35330
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: dmh@cshlaw.com
dhartzogjr@cshlaw.com
kbarber-jones@cshlaw.com
CRANFILL SUMNER & HARTZOG LLP
Attorneys for Defendants
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: 919/828-5100
Facsimile: 919/828-2277

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.2(f)(4), the undersigned hereby certify and attest that this Response in Opposition complies with the word count limits set forth in Local Civil Rule 7.2(f)(2)-(3). Excluding the case caption, the signature block, any required certificates, any table of contents, any table of authorities, and any attachments, exhibits, affidavits, and other addenda, the word count of this Memorandum does not exceed 8,400 words, as computed using the word count function of the word processing program used to create this Memorandum.

*/s/ Dan M. Hartzog Jr.*

*/s/ Katherine Barber-Jones*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No.: 4:18-cv-137-BO

JOHN DOE,                          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     **<u>CERTIFICATE OF SERVICE</u>**
                                   )
EAST CAROLINA UNIVERSITY,          )
*et al.*,                          )
                                   )
          Defendants.              )

I hereby certify that on October 23, 2018, I electronically filed the
foregoing with the Clerk of Court using the CM/ECF system, which will
transmit the document to the following counsel of record:

NESENOFF & MILTENBERG, LLP          WHITE & ALLEN, P.A.
Andrew T. Miltenberg, Esq.          Matthew S. Sullivan, Esq.
Kara L. Gorycki, Esq.               106 S. McLewean Street
363 Seventh Avenue, Fifth Floor     P.O. Box 3169
New York, NY 10001                  Kinston, NC 28502
amiltenberg@nmllplaw.com            msullivan@whiteandallen.com
kgorycki@nmllplaw.com               *Local Civil Rule 83.1 Counsel*
*Attorneys for Plaintiff John Doe*       *for Plaintiff John Doe*

This the 23rd day of October, 2018.

                              */s/ Dan M. Hartzog Jr.*
                              DAN M. HARTZOG
                              N.C. State Bar No. 5648
                              DAN M. HARTZOG JR.
                              N.C. State Bar No. 35330
                              KATHERINE BARBER-JONES
                              N.C. State Bar No. 44197

4812-2876-1209, v. 6

E-mail: dmh@cshlaw.com
dhartzogjr@cshlaw.com
kbarber-jones@cshlaw.com
CRANFILL SUMNER & HARTZOG LLP
Attorneys for Defendants
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: 919/828-5100
Facsimile: 919/828-2277

4812-2876-1209, v. 6