UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No: 4:18-CV-137-BO

JOHN DOE,                                          )
                                                   )
                    Plaintiff,                     )
                                                   )
                                                   )
          -against-                                )
                                                   )
                                                   )
EAST CAROLINA UNIVERSITY, *et al.*                 )
                                                   )
                    Defendants.                    )

**DECLARATION OF KARA L. GORYCKI IN SUPPORT OF PLAINTIFF'S RESPONSE
TO DEFENDANTS' SUPPLEMENT TO MOTION FOR PRESERVATION ORDER AND
CROSS-MOTION FOR PROTECTIVE ORDER**

KARA L. GORYCKI, hereby declares subject to the penalties of perjury pursuant to 28

U.S.C. § 1746:

1.      I am Of Counsel to the law firm of Nesenoff & Miltenberg, LLP, counsel for

Plaintiff in the above-captioned action. I am fully familiar with the facts and circumstances set

forth herein.

2.      I submit this declaration in support of Plaintiff John Doe's ("Plaintiff") response to

Defendants' supplemental motion for a preservation order through which they belatedly seek the

right to serve pre-discovery subpoenas on the North Carolina Crime Laboratory and the Pitt County

District Attorney.

3.      Plaintiff also cross-moves for the entry of a protective order, governing Defendants'

use and dissemination of the copies of Plaintiff's criminal records already in their possession, as

well as Defendants' use and dissemination of any documents received from third parties in the event

that the Court permits Defendants to serve the requested subpoenas.

4.     On January 14, 2019, I conferred with Defendants' counsel, Dan Hartzog, about Defendants' position on the entry of a protective order concerning Plaintiff's criminal records. Defendants' counsel responded that Defendants were amenable to negotiating the terms of a protective order. Annexed hereto as Exhibit 1 is a true and correct copy of that correspondence. Should the parties agree to the terms, a proposed order will be submitted for the Court's review.

5.     Defendants contend that there is sudden urgency necessitating this discovery because, as I notified the Court and Defendants' counsel on January 4, 2019, Plaintiff's petition to expunge his criminal record was granted. However, Defendants fail to explain why they did not seek the right to serve subpoenas in October 2018, when they were informed through Plaintiff's opposition to the preservation motion that he had filed a petition for expunction on September 5, 2018 (prior to receipt of correspondence from Defendants' counsel improperly demanding that he refrain from doing so). *See* Declaration of Kara L. Gorycki, dated October 19, 2018 (Doc. No. 41-1 at ¶ 11).

6.     Ms. Barber-Jones' supplemental affidavit suggests that Defendants were somehow prejudiced by learning about the expunction order on January 4, 2019. The document was certified by the clerk on December 17, 2018 (Doc. No. 54-1 at ¶¶ 3-4). Per my letter to the Court, my office received notice of the order on December 26, 2018. I returned to the office after the holidays on January 2, 2019 and filed the letter as soon as practicable.

7.     Notably absent from Ms. Barber-Jones' affidavit is an explanation as to why Defendants did not seek the right to serve pre-discovery subpoenas in a timely manner, which is the true source of any alleged prejudice Defendants may suffer if certified copies of Plaintiff's criminal records are no longer available.

2

8.  Prior to their supplemental filing, Defendants took the position that they could not serve subpoenas until a Rule 26 conference was held, even though they represented to the Court that they believed that the criminal records held by various agencies would be destroyed if Plaintiff's petition for expunction was granted. (Doc. No. 48 at 1-5). Plaintiff bears no responsibility for Defendants' inaction.

9.  On more than one occasion, including most recently on January 9, 2019, I have conferred with Plaintiff's criminal attorney, Keith Williams, to ensure that we have the totality of documents and information that Plaintiff received during the course of the criminal investigation. Mr. Williams confirmed that he has preserved all documents that the State prosecutor produced to Plaintiff pursuant to the Open File Discovery Statute. N.C.G.S. § 15A-903.

10.  I have confirmed that all documents and information Plaintiff received during the criminal investigation have been preserved, including the Greenville Police Department discovery file, audio/video files of witness interviews, and lab reports. This includes the lab report concerning the processing of Jane Roe's rape kit. Thus, should the court determine that this information is relevant, and should be produced during discovery, Plaintiff will be able to do so subject to the entry of an appropriate protective order.

11.  It is our belief that Defendant East Carolina University ("ECU") is in possession of all, or a portion of, the Greenville Police Department discovery file, and that this file was relied upon during the Title IX investigation conducted by Defendant Butler. Defendants' counsel has denied this, (Doc. No. 48 at 5), but submitted no declaration or affidavit from Defendants' records custodian which confirmed that ECU is not in possession of—and never had—such records.

12.  Of grave concern is that Defendants' service of the requested subpoenas will link Plaintiff's name to his pseudonym in this action. The Court's temporary order allowing him to

proceed anonymously remains in place.

13.     A second concern is that the service of subpoenas may interrupt agency compliance with the expunction order, compromising its effect and impacting Plaintiff's right to privacy.

14.     On January 9, 2019, I conferred with Keith Williams, who thought that he might be able to procure certified copies of the investigative and lab files related to Plaintiff's criminal case without service of subpoenas. On the same day, I relayed this information to Defendants' counsel, Dan Hartzog, via email and offered to make every effort to obtain certified copies, while noting that the records were already in Plaintiff's possession.

15.     In response, on January 9, 2019, Mr. Hartzog stated that he intended to make the pending motion to the Court for permission to serve subpoenas and asked me to advise as to my position on said motion.

16.     On the same day, I informed Mr. Hartzog that my current position on the subpoenas was that they were unnecessary and that we would be able to provide the information sought by Defendants, namely the documents already in Plaintiff's possession, custody and control. I further raised my concern that the subpoenas would disclose Plaintiff's identity in relation to this action in violation of the pending interim order allowing Plaintiff to proceed anonymously.

17.     On the same day, Mr. Hartzog stated that he would be agreeable to getting certified copies of the documents sought, without subpoenas, if possible. Mr. Hartzog noted that time was of the essence, but did not address why he waited to request the documents from the various agencies until after the expunction order issued. A true and correct copy of my email correspondence with Mr. Hartzog is appended hereto as Exhibit 2.

18.     On the afternoon of January 10, 2019, I learned from Keith Williams that he had been in contact with Donald Phillips, attorney for the Greenville Police Department. Mr. Phillips

4

informed him that the Greenville Police Department had no files concerning the criminal investigation of Jane Roe's allegations.

19.     On the afternoon of January 11, 2019, I learned from Keith Williams that he had spoken with Jason Caccamo of the North Carolina State Crime Laboratory and that the lab had not yet received the expunction order. Mr. Williams asked whether he could obtain a certified copy of the lab's file by submitting a release from Plaintiff, which request was denied. Mr. Williams told me that the lab would require a court order to release the files. Shortly before I received this information from Mr. Williams, Defendants' motion was filed.

20.     Defendants should not be permitted to subpoena, or obtain possession of, documents and/or information that are of questionable relevance and highly confidential. Had Defendants served the requested subpoenas in the normal course, Plaintiff would have moved to quash those subpoenas on the ground that he has a substantial privacy right in the information sought due to the expunction order. He would have also sought entry of a protective order as related to the manner in which Defendants could use any documents or information received from the service of any subpoenas.

21.     For this reason, Plaintiff respectfully requests that the Court issue an order directing the North Carolina State Crime Laboratory and the Pitt County District Attorney to produce certified copies of any records in their possession, custody or control to *Plaintiff* or, alternatively, allow *Plaintiff* to serve the requested subpoenas and hold any responsive documents until such time as Defendants are permitted to serve document requests.

22.     Should the Court permit Defendants to serve the requested subpoenas, Plaintiff respectfully requests that the Court enter a protective order with respect to Defendants' use and disclosure of any information obtained therefrom. Said protective order should also apply to any

documents currently in Defendants' possession, custody or control that are the subject of the expunction order.

I declare under the penalty of perjury that the foregoing is true and correct, pursuant to Title 28, United States Code, Section 1746.

Executed on the fifteenth day of January, 2019.

/s/ Kara L. Gorycki
_____
Kara L. Gorycki
